UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No.

GEORGE FRIEDEL

    Plaintiff

vs.

PARK PLACE COMMUNITY LLC

    Defendant

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff GEORGE FRIEDEL, by and through undersigned counsel, and sues the Defendant PARK PLACE COMMUNITY LLC, and states as follows:

## NATURE OF THE ACTION

**1.** This is a civil action brought pursuant to the Fair Housing Act (hereinafter "FHA"), 42 U.S.C. § 3601, stemming from PARK PLACE COMMUNITY LLC violations of the FHA by unlawfully discriminating against GEORGE FRIEDEL, a person with disabilities. PARK PLACE COMMUNITY LLC violated the FHA by making his dwelling unavailable because of GEORGE FRIEDEL's disability related need to live with his assistance animal Maggie.

1

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq.

3. Venue is proper in the Southern District of Florida, Ft Pierce Division, under 28 U.S.C. §1391(b) because these claims arose in this judicial district.

4. Plaintiff GEORGE FRIEDEL is a Indian River County resident who resides at 1993 East Lakeview Drive, Sebastian, FL 32958.

5. Defendant, PARK PLACE COMMUNITY LLC ("PARK PLACE") is a Foreign Limited Liability Corporation which owns and operates and administers Park Place, a manufactured home community.

6. The manufactured homes at Park Place, including the one owned by George Friedel, are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b), FHA and as such, are subject to the anti-discrimination provisions of the FHA.

## GENERAL ALLEGATIONS

7. As more specifically explained below, Plaintiff suffers from major depressive disorder, a mental impairment that substantially limits one or more of his major life activities, including cognition and self care. Plaintiff also suffers from several chronic medical conditions, including heart failure

and coronary athersclerosis. Accordingly, Plaintiff has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

8. In order to have equal use and enjoyment of his home, it is imperative that Plaintiff has the ability to live with his dog Maggie as an emotional support animal.

9. Maggie is a 10 year old Golden Retriever.

10. On January 20, 2016 Maggie bit another dog at Park Place.

11. On January 28, 2016 Plaintiff and his wife Kathleen Friedel were served a notice of violation commanding that Maggie be removed from Park Place or they would possibly face eviction.

12. On February 1, 2016 Plaintiff drove Maggie to his stepson's home in New Jersey.

13. The symptoms of Plaintiff's depression immediately worsened after Maggie was no longer living with him. Plaintiff became lethargic, was irritable with his wife, lost interest in doing things that he previously enjoyed, had trouble sleeping and focusing, had crying spells and even had trouble getting out of bed.

14. On April 1, 2016 Plaintiff retrieved Maggie from New Jersey and she has lived at Park Place without incident since them.

15. Plaintiff was outside playing with Maggie unleashed in her backyard on January 20, 2016 when Maggie slipped out of her collar and the incident between Maggie and the other dog occurred. Since then, Maggie has not been allowed outside of Plaintiff's home without being leashed. Additionally, Plaintiff consulted a professional trainer.

16. In spite of the fact that Maggie is now allowed outside only on a leash and there have been no subsequent incidents in the ten months since Maggie returned, on or about January 9, 2017 Park Place again demanded that Maggie be removed from the community.

17. On January 12, 2017, undersigned counsel PARK PLACE's manager a letter from Plaintiff's physician, Dr. Guillermo Morel, verifying that Plaintiff has a disability related need to live with Maggie in particular because of the decade long relationship between Plaintiff and the dog. See Exhibit A.

18. Because dogs are allowed at Park Place, Plaintiff had no reason to reveal the fact that he has a disability, or that Maggie assists him with his disability, prior to Defendant's attempt to remove Maggie from the community.

19. In addition to the letter from Dr. Morel, Park Place was also provided a January 9, 2017 letter from Sara Blakely, the owner of Dog Kidz Country

Daycare & Boarding LLC, a boarding and doggie day care provider where Maggie is a frequent visitor. The letter attests that Maggie has never shown any signs of aggression and plays well with other dogs. Exhibit B.

20. On February 7, 2017, PARK PLACE, through its counsel, responded via email that Maggie must be removed because of potential liability.

21. On February 15, 2017 Plaintiff and his wife were served a "Statutory Notice to Cure" commanding that their "pet dog" be removed or they will be sued for eviction and forced to pay the Defendant's attorney's fees and costs.

22. Because Maggie is an assistance animal that provides emotional support to a person with a disability, the Fair Housing Act protects Plaintiff's right to live with Maggie, and Maggie may be removed only if her behavior poses "a direct threat" and Plaintiff has taken no effective action to control Maggie's behavior so that the threat is mitigated or eliminated. 24 CFR Part 5.

23. Defendant PARK PLACE made no effort to independently assess whether Maggie currently poses any risk, but bases Maggie's exile on an isolated incident that occurred more than a year ago. Maggie has lived at Park Place for the last ten months without incident.

24. Assuming Maggie did actually pose any risk, PARK PLACE made no effort to explore less drastic alternatives to removing Maggie from the community.

25. PARK PLACE has made Plaintiff's dwelling unavailable to him because of his disability by demanding the removal of his assistance animal. Without Maggie's presence, Plaintiff does not have an equal opportunity to live in and enjoy his home in Park Place.

26. PARK PLACE has interfered, coerced and intimidated Plaintiff in the exercise of his fair housing rights by preparing to sue him rather than engaging in an interactive process to determine whether Maggie actually poses any risk, and if so, whether the risk has been or can be reduced or eliminated.

27. At all times relevant to this complaint, Defendant PARK PLACE has had actual knowledge of Plaintiff's disabilities and his need to reside with Maggie for emotional support.

28. Plaintiff has been injured by Defendant PARK PLACE's discriminatory housing practices and therefore Plaintiff is an "aggrieved person" pursuant to 42 U.S.C. § 3602(i), FHA.

29. Plaintiff has retained the undersigned to represent him in this cause and has agreed to pay a reasonable fee for her services.

## Count I

## <u>MAKING A DWELLING UNAVAILABLE BECAUSE OF HANDICAP</u>

30. Plaintiff re-alleges and incorporates, by reference, paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff GEORGE FRIEDEL requires the ability to live with his emotional support animal, Maggie, in order to have the same opportunity to enjoy his dwelling at Park Place as any non-disabled resident.

32. PARK PLACE, knowing of GEORGE FRIEDEL's disability related need to live with Maggie, nonetheless served him with a seven day statutory notice effectively forcing him to choose between his emotional support animal and his home.

33. The foregoing conduct and acts of Defendant PARK PLACE constitutes discrimination against a person in violation of 42 U.S.C. § 3604(f)(1)(A), FHA, by making a dwelling unavailable because of a handicap.

34. As a result of the conduct of PARK PLACE, Plaintiff GEORGE FRIEDEL has suffered damages.

35. The discriminatory conduct or actions of PARK PLACE were intentional, willful, and taken in blatant disregard for the rights of Plaintiff.

WHEREFORE, Plaintiff GEORGE FRIEDEL demands a judgment against Defendant PARK PLACE to declare that the actions of Defendant PARK PLACE violated the FHA by discriminating against a person with disabilities and awards Plaintiff compensatory and punitive damages, and his attorney's fees and costs as well as any other such relief as this Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff GEORGE FRIEDEL respectfully requests that this Court enter an order under 42 U.S.C. § 3601, FHA, which:

a) Declares that the discriminatory housing practice of Defendant PARK PLACE as set forth above, violates the FHA.

b) Enjoins Defendant PARK PLACE from terminating Plaintiff's tenancy based upon Plaintiff's disability related need to live with his dog Maggie as an emotional support animal, and from taking any efforts to remove Maggie;

c) Awards to Plaintiff such damages as would fully compensate him for any injuries caused by PARK PLACE's discriminatory conduct;

d) Awards to Plaintiff punitive damages for engaging in discriminatory conduct that is recklessly and callously indifferent to Plaintiff's federally protected rights,

e) Awards Plaintiff reasonable attorney's fees and costs incurred in bringing this action to enforce the FHA;

f) Grants such other relief as justice may require.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial for all issues so triable.

Dated:  February  19, 2017

Respectfully Submitted,

MARCY I. LAHART, P.A.
4804 SW 45th Street
Gainesville, Florida 32608
Telephone (352) 224-5699
Facsimile (888) 400-1464
marcy@floridaanimallawyer.com


BY: *s/ Marcy I. LaHart*
**Marcy I. LaHart, Esq.**
Florida Bar No. 0967009