UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-cv-14056-ROSENBERG/MAYNARD

GEORGE FRIEDEL,

    Plaintiff,

v.

PARK PLACE COMMUNITY LLC,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff George Friedel's Motion for Partial Summary Judgment on Defendant's Liability [DE 31]. The Court has carefully considered Plaintiff's Motion, Defendant's Memorandum of Law in Opposition thereto [DE 46], and Plaintiff's Reply [DE 53], and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

### I. BACKGROUND

Plaintiff, George Friedel, filed his Complaint and Demand for Jury Trial (the "Complaint") [DE 1] on February 19, 2017. In his Complaint, Plaintiff alleges that he resides in a manufactured home community operated by Defendant, Park Place Community LLC. *See* DE 1 ¶¶ 5–6. Plaintiff further alleges that Defendant has demanded that Plaintiff remove Maggie, Plaintiff's ten-year-old golden retriever, from his home or face eviction. *See id.* ¶¶ 9, 21. According to Plaintiff, this demand violates the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* In support of this claim, Plaintiff alleges that he is disabled and that Maggie is an emotional support animal. *See id.* ¶¶ 7–8, 22. As Defendant's demand for Maggie's removal forces Plaintiff to

choose between his home and his emotional support animal, Plaintiff alleges that Defendant has made unavailable or denied a dwelling to Plaintiff because of a handicap in violation of 42 U.S.C. § 3604(f)(1)(A). *See id.* ¶¶ 31–33.

On July 21, 2017, Plaintiff filed the Motion presently before the Court, seeking partial summary judgment as to Defendant's liability for violation of the Fair Housing Act. *See* DE 31. Upon review of Plaintiff's Motion and the parties' respective filings in opposition thereto and in support thereof, the Court finds genuine disputes of material fact. Summary judgment is therefore inappropriate.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247–48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247–48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

# III. DISCUSSION

"[S]ection 3604(f)(1) makes it unlawful to discriminate in the rental of, or to otherwise make unavailable or deny, a dwelling because of a disability of the renter or a person associated with the renter." *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1222 (11th Cir. 2016) (citing 42 U.S.C. § 3604(f)(1)).[1] However, section 3604(f) does not "require[] that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial physical damage to the property of others." 42 U.S.C. § 3604(f)(9).[2] The Court concludes that genuine disputes of material fact exist as to whether Plaintiff has a disability and whether permitting Maggie to remain with Plaintiff constitutes a direct threat within the meaning of the Fair Housing Act. These disputes provide two independent bases for denying summary judgment.

## A. Disability

Under the Fair Housing Act, the term "handicap"[3] includes "(1) a physical or mental impairment which substantially limits one or more of [a] person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3604(h); *see also Hunt*, 814 F.3d at 1222 (quoting 42 U.S.C. § 3604(h)(1)). The phrase "physical or mental impairment" includes any physiological disorder or condition affecting the

---

[1] Pursuant to 42 U.S.C. § 3604(f)(3), "discrimination includes . . . a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a] person equal opportunity to use and enjoy a dwelling." In *Hunt*, the Eleventh Circuit Court of Appeals treated claims brought under § 3604(f)(1) and § 3604(f)(3) as distinct from one another. *See* 814 F.3d at 1221–26. It is unclear whether *Hunt* requires that claims for violation of § 3604(f)(1) and § 3604(f)(3) be asserted separately or whether a refusal to make reasonable accommodations under § 3604(f)(3) is simply one way to establish a violation of § 3604(f)(1). If the former is correct, the Court notes that Plaintiff's Complaint asserts only a claim for violation of § 3604(f)(1). *See* DE 1. However, the arguments presented by the parties in support of and in opposition to the Motion presently before the Court suggest that the parties have assumed that the latter is correct. The Court need not decide this issue for purposes of the Motion presently before it and therefore declines to do so.

[2] As its first affirmative defense, Defendant has asserted that Maggie poses a direct threat within the meaning of 42 U.S.C. § 3604(f)(9). *See* DE 5 at 4–5.

[3] The terms "disability" and "handicap" are treated interchangeably. *See Hunt*, 814 F.3d at 1218 n.1 (quoting *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 n.2 (11th Cir. 2014)).

cardiovascular system. 24 C.F.R. § 100.201(a)(1). The phrase "physical or mental impairment" also includes "[a]ny mental or psychological disorder, such as . . . emotional or mental illness," and "such diseases and conditions as . . . heart disease . . . [and] emotional illness." 24 C.F.R. § 100.201(a)(2). The phrase "major life activities" includes "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 24 C.F.R. § 100.201(b).

In this case, a genuine dispute of material fact exists as to whether Plaintiff has a disability within the meaning of the Fair Housing Act. Plaintiff has submitted evidence that he suffers from depression and heart disease and that the symptoms of his depression worsen in Maggie's absence, substantially limiting his daily function. *See, e.g.*, DE 32, Declaration of George Friedel at ¶¶ 8–10, 12 (stating that Plaintiff "was despondent, felt hopeless, had trouble getting out of bed and frequently cried" without Maggie and that Plaintiff's "depression and anxiety over possibly having to be separated from Maggie contributed to [a] panic attack"); DE 30-7, Declaration of Kathleen Friedel at ¶¶ 5–7 (stating that Plaintiff's depression causes prolonged periods of lethargy and withdrawal, difficulty sleeping, concentrating, and getting out of bed, crying spells, and irritability); DE 30-11, January 11, 2017 Letter from Guillermo F. Morel, M.D. (stating that Plaintiff "suffers from several chronic medical conditions including coronary atherosclerosis and heart failure," that Plaintiff "has a history of suffering from Major Depression," that Plaintiff's depression has recently recurred, and that Plaintiff's depression "substantially limits his daily function, including cognition and self-care"); DE 30-15, May 5, 2017 Letter from Richard Levandowski, M.D. (stating that Plaintiff "is under stress in recurrence of depression, which is helped by his attachment and caring for his dog Maggie"). However, this evidence is directly contradicted by Plaintiff's medical records, which indicate that between

March 10, 2016[4] and January 30, 2017,[5] Plaintiff's depression was in full remission. *See* DE 46-2. The Court also notes that Defendant has submitted evidence calling into question the accuracy of Dr. Levandowski's letter. *See* DE 44, Deposition of George Friedel at 61:1–62:19 (acknowledging that the last time Dr. Levandowski saw Plaintiff was two or three years ago and that Dr. Levandowski was unaware that Dr. Morel had diagnosed Plaintiff's depression as in remission). Whether Plaintiff does in fact have a disability—a physical or mental impairment that substantially limits one or more of his major life activities—must therefore be determined by the jury. Accordingly, Plaintiff is not entitled to summary judgment on his claim that Defendant has made unavailable or denied a dwelling to Plaintiff because of a disability in violation of 42 U.S.C. § 3604(f)(1)(A).

### B. Direct Threat

The Fair Housing Act does not "require[] that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial physical damage to the property of others." 42 U.S.C. § 3604(f)(9).

> The determination of whether an assistance animal poses a direct threat must rely on an individualized assessment that is based on objective evidence about the specific animal in question, such as the animal's current conduct or a recent history of overt acts. The assessment must consider the nature, duration, and severity of the risk of injury; the probability that the potential injury will actually occur; and whether reasonable modifications of rules, policies, practices, procedures, or services will reduce the risk. In evaluating a recent history of overt acts, a provider must take into account whether the assistance animal's owner has taken any action that has reduced or eliminated the risk. Examples would include obtaining specific training, medication, or equipment for the animal.

---

[4] Plaintiff's March 10, 2016 visit to Dr. Morel occurred during Maggie's absence from Plaintiff's home between February 1, 2016 and April 1, 2016, during which Plaintiff asserts his depression worsened. *See* DE 32, Declaration of George Friedel at ¶¶ 8–9, 11.

[5] Plaintiff's January 30, 2017 visit to Dr. Morel occurred just weeks after Dr. Morel drafted a letter stating that Plaintiff's depression had recently recurred.

5

*Pet Ownership for the Elderly and Persons With Disabilities*, 73 FR 63834-01, 2008 WL 4690497, at *63837. Thus, "determining whether [an animal] poses a direct threat that cannot be mitigated by [a] reasonable accommodation is not a question of law, it is distinctly a question of fact." *Peklun v. Tierra Del Mar Condo. Ass'n, Inc.*, No. 15-CIV-80801, 2015 WL 8029840, at *15 (S.D. Fla. Dec. 7, 2015) (quoting *Warren v. Delvista Towers Condo. Ass'n, Inc.*, 49 F. Supp. 3d 1082, 1088 (S.D. Fla. 2014)).

In this case, a genuine dispute of material fact exists as to whether Maggie poses a direct threat within the meaning of the Fair Housing Act. It is undisputed that on January 20, 2016, Maggie bit another dog in front of Plaintiff's home. *See* DE 32, Declaration of George Friedel at ¶ 6; DE 44, Deposition of George Friedel at 15:6–22. In addition, Defendant has submitted evidence that it received multiple complaints about Maggie's aggression toward other dogs beginning in October of 2015. *See* DE 47, Affidavit of Patricia Jamar at ¶¶ 3–5. Plaintiff himself testified that Maggie has displayed aggressive behavior, including barking at other pets in the community, *see* DE 44, Deposition of George Friedel at 54:22–55:10, and Maggie's trainer, Cecelia Sumner, testified that Maggie is aggressive toward smaller dogs and that Maggie's capacity to change is limited in light of her advanced age, *see* DE 45, Deposition of Cecelia Sumner at 34:3–24, 43:22–25. At no point between January 20, 2016 (the date on which Maggie bit another dog) and February 19, 2017 (the date on which Plaintiff filed his Complaint) did Plaintiff consult with a professional trainer. *See* DE 44, Deposition of George Friedel at 75:1–23. Before filing his Complaint, Plaintiff's sole consultation with a professional trainer occurred prior to January 20, 2016. *See id.* However, Plaintiff has submitted evidence that there have been no further incidents of Maggie's aggression since April 1, 2016, that Plaintiff has installed a gate to prevent Maggie's escape from his home, that Maggie is now walked with a special collar that

6

prevents her from pulling and allows for better control of Maggie, and that Plaintiff has hired a professional trainer to work with Maggie. *See* DE 32, Declaration of George Friedel at ¶ 11; DE 30-8, Declaration of Cecelia Sumner at ¶¶ 7–10. Plaintiff has also submitted evidence that Maggie has had nine sessions with a professional trainer and that Maggie has made some improvements; as a result, she has been able to ignore other dogs barking at her and remain calm while walking in the community. *See* DE 30-8, Declaration of Cecelia Sumner at ¶¶ 7–8. Whether Maggie indeed poses a direct threat such that Defendant is relieved of any obligation under the Fair Housing Act to permit both Plaintiff and Maggie to stay in Plaintiff's home is a question for the jury. Summary judgment is therefore inappropriate.

Because summary judgment in favor of Plaintiff must be denied on the two independent bases discussed above, the Court will not address the remaining arguments raised by Plaintiff and Defendant in their respective filings.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff George Friedel's Motion for Partial Summary Judgment on Defendant's Liability [DE 31] is **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 24th day of August, 2017.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

7