UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 2:17-CV-14056-ROSENBERG/MAYNARD

GEORGE FRIEDEL,

    Plaintiff,

vs.

PARK PLACE COMMUNITY, LLC,

    Defendant.

_____/

## JOINT PRETRIAL STATEMENT

Plaintiff GEORGE FRIEDEL and Defendant PARK PLACE COMMUNITY LLC, by and through their undersigned counsel, pursuant to Local Rule 16.1 and this Honorable Court's March 27, 2017 Order Setting Status Conference, Calendar Call, Pretrial Deadlines, and Trial Date and Order of Reference to Magistrate file their Joint Pretrial Statement as follows:

**I.**    **A concise statement of the case by each party**

    a)    <u>Plaintiff</u>

Plaintiff George Friedel is a seventy nine year old man that suffers from and has a history of suffering from coronary athersclerosis and intermittent periods of debilitating depression. His depression was diagnosed in 2014 and he has taken various medications for his depression. Shortly after Friedel moved to his current residence in PARK PLACE his 11 year old Golden Retriever Maggie escaped through a screen door that did not latch properly and was in a fight with a smaller dog. Friedel was commanded to remove Maggie, and not wishing to make waves in his new community reluctantly transported Maggie to a family member in New Jersey on February 1, 2016. After experiencing a relapse in his depression he returned Maggie to the community two months later on April 1, 2016. Maggie has lived in Park Place since

April 1, 2016 without further incident. When it was discovered that Maggie had returned to Park Place, Friedel informed the property manager that he needed to live with Maggie as an emotional support animal. Friedel provided Park Place a doctor's letter and a letter from the doggie day care where Maggie regularly attends. Park Place never asked for additional information regarding Friedel's disabilities, or whether he had or would take actions such as obtaining training or using special equipment that would eliminate or reduce any risk allegedly posed by Maggie, but instead indicated that whether Maggie was an assistance animal or not was irrelevant and served him a statutory demand to remove Maggie or face eviction from his own home and be forced to pay Park Place's costs and attorney's fees. Friedel contends

b) <u>Defendant</u>

Park Place required Mr. Friedel to remove his dog, Maggie, from the Park Place community when Maggie viciously attacked another dog in January of 2016. This was after several other incidents where Maggie exhibited aggressive behavior toward small dogs. Mr. Friedel agreed to remove the dog, and did so, but then brought Maggie back to the community in secret. When Maggie was discovered in the park by a concerned resident in January of 2017, Mr. Friedel claimed that he was handicapped and Maggie was his emotional support animal. Mr. Friedel provided Park Place correspondence from his treating physician, Dr. Morel, stating that Mr. Friedel suffered from depression and required Maggie as his emotional support animal. A review of Mr. Friedel's medical records prepared by Dr. Morel reveal that Mr. Friedel's depression has been in remission since March of 2016. Park Place has rules and regulations that read: "Dangerous or aggressive pets are not allowed. Any animal that displays dangerous or aggressive behavior, as determined by Management in its sole and unfettered discretion, must be removed from the premises. Aggressive behavior may include, but is not

limited to, lunging, growling, biting and/or barking at Residents or other pets." In February of 2017, Park Place requested that Mr. Friedel again remove Maggie, and Mr. Friedel filed this case.

## II.     Basis of Federal Jurisdiction

This Court has original jurisdiction pursuant to 11 U.S.C. §1331, 42 U.S.C. §3613, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. §3601 et seq.

## III.    The pleadings raising the issues

   a)   Complaint against Park Place Community LLC [DE 1]

   b)   Answer and Affirmative Defense to Complaint by Park Place Community LLC [DE 5]

## IV.    List of all undisposed of motions or other matters requiring action by the Court.

None.

## V.     Stipulated facts

   a)   Plaintiff, Mr. Friedel, and his wife reside in a manufactured home they own at 1993 East Lakeview Drive, Sebastian, Florida 32958.

   b)   Mr. Friedel resides in his manufactured home with two dogs (both golden retrievers), one of whom is named Maggie and is the subject of this litigation.

   c)   Defendant, Park Place, owns and operates and administers Park Place, the manufactured home community where Plaintiff resides.

   d)   Plaintiff Friedel pays $757.00 per month to lease the lot upon which his home is located.

   e)   All Park Place residents are governed by the Prospectus and Rules and Regulations on file with the Florida Division of Business and Professional Regulation.

   f)   Plaintiff owns an 11 year old Golden Retriever named Maggie.

   g)   Buddy required veterinary care, and Mr. Friedel paid veterinary expenses associated with the attack.

    h)    As a result of the attack, Park Place sent Mr. Friedel a notice of violation requiring Mr. Friedel to remove Maggie from the community.

    i)    Friedel removed Maggie from the Park Place community on February 1, 2016, after receiving the notice of violation.

    j)    On April 1, 2016, Friedel brought Maggie back to Park Place without informing Park Place's management.

    k)    On or about January 1, 2017, a Park Place resident noticed that Maggie had been returned to the community, and confronted Mr. Friedel about Maggie's presence in the community.

    l)    On January 4, 2017, Mr. Friedel spoke with Patty Jamar regarding Maggie and informed her that Maggie was his emotional support animal.

    m)    On January 12, 2017, Mr. Friedel's counsel emailed Park Place's community manager a letter from Mr. Friedel's doctor.

    n)    On January 19, 2017, Brian Chase, counsel for Park Place, emailed a letter to Marcy LaHart asking for "any authority indicating that an animal who previously engaged in an attack must be allowed to remain in the community as an emotional support animal, please send that authority to me."

    o)    On January 30, 2017, Marcy LaHart responded to Brian Chase, which response included a letter from Dog Kidz Country Daycare & Boarding LLC.

    p)    On February 15, 2017, Friedel was served a Statutory Notice to Cure, which requested that he again remove Maggie from the community or face eviction.

## VI.  Issues of fact that remain to be litigated

    a.  Whether George Friedel is a person who is handicapped or disabled within the meaning of the FHA.

    b.  Whether living with Maggie as an emotional support animal ameliorates the impacts of George Friedel's disability.

    c.  Whether allowing Maggie to live at Park Place poses a direct threat to the health or safety of other individuals or would result in substantial physical damage to the property of others and no measures can be taken to eliminate or acceptably minimize the risk she poses.

    d.  Whether Park Place made Plaintiff Friedel's dwelling unavailable to him because of his disability.

  e. Whether Friedel only visited a doctor for an alleged "handicap" after his animal attacked other animals and was banned from the park.

  f. Whether Friedel failed to mitigate his damages.

  g. Whether Maggie is a pet-not a service animal or emotional support animal.

  h. Whether Friedel's claims are barred, in whole or in part, because Friedel refuses to comply with Defendant's rules and regulations and other governing documents pertaining to pets.

  i. Whether Friedel has unclean hands, as he has routinely failed to comply with the Park Place's governing documents, does not suffer from a "handicap" and only developed his "handicap" when his dog attacked other dogs in the community and was banned.

  j. Whether by removing Maggie from Park Place Mr. Friedel has waived his rights under the Fair Housing Act.

  k. Whether George Friedel is entitled to compensatory damages for pain, suffering, emotional distress, embarrassment or humiliation and, if so, the reasonable amount of same.

  l. Whether Defendants are liable for punitive damages and, if so, the reasonable amount of same.

**VII.** **Concise statement of applicable principles of law on which there is agreement**

  a. The Federal Rules of Civil Procedure and Federal Rules of Evidence govern these proceedings.

  b. The other applicable issues of law are contained in the parties' jury instructions.

**VIII.** **Concise statement of applicable principles of law which remain for determination by the Court**

  a. Whether Plaintiff is entitled to attorney's fees and costs, and if so, the amount of same.

  b. Whether the Defendant is entitled to attorneys' fees and costs, and if so, the amount of same.

IX.   **A list of all exhibits with notation of all objections thereto:**

   a.   Plaintiffs' Exhibits

| Exhibit Description | Defendant Objection |
|---|---|
| 1/12/2017 – E-mail from M. LaHart to P. Jamar | |
| 1/11/2017 – Letter from G. Morel | A, H |
| 1/19/2017 – Letter from B. Chase to M. LaHart | |
| 1/30/2017 – E-mail from M. LaHart to B. Chase | |
| 1/9/2017 – Letter from Dog Kidz | A, H |
| 2/7/2017 – E-mail from B. Chase to M. LaHart | |
| 2/15/2017 – Statutory Notice to Cure | |
| 5/12/2017 – E-mail from M. LaHart to B. Chase | |
| 5/5/2017 – Letter from Dr. Levandowski | A, R, H |
| 5/5/2017 – Answers to Interrogatories (Park Place) | |
| Medical Records from Princeton Sports and Family Medicine | A, R, H |
| Lot Rental Agreement | |
| Transcript of Park Place deposition | Unnecessary – live testimony |
| Transcript of P. Jamar deposition | Unnecessary – live testimony |
| Declaration of Mark Levandowski | A, R, H |
| Declaration of Danielle Stramandi | A, R, H |

   b.   Defendant's Exhibits

| Exhibit Description | Plaintiff Objection |
|---|---|
| Park Place Prospectus | |
| Park Place Rules and Regulations | |
| Lease Agreement re: Mr. & Mrs. Friedel's Lot | |
| 10/19/2015 – E-mail from C. Tronolone | A, R, H |
| 1/28/2016 – Notice of Violation | |
| 1/29/2016 – Sun Investigation Report | A, R, H, I |
| 1/9/2017 – Notice of Violation | |
| 1/4/2017 – Letter from G. Morel | |
| 1/11/2017 – Letter from G. Morel | |
| 1/12/2017 – E-mail from M. LaHart to Park Place | |
| 1/19/2017 – Atlas Law Response | |
| 1/30/2017 – E-mail from Park Place to Mr. Friedel | |
| 2/15/2017 – Notice to Cure | |
| 2/23/2017 – E-mail from C. Tronolone | A, R, H, I |
| 2/24/2017 – E-mail from H. Bray | A, R, H, I |
| Sun Service/Assistance Animal Policy | |
| Medical Records produced by Dr. G. Morel | A, H, I |
| Canine Behavior Study – Limited through 2/2017 | A, R, H, I, UP |
| Registration Form – Dog Kidz | |

| | |
|---|---|
| Veterinary Records from Mr. & Mrs. Bray | A, R, H, I |
| Interrogatory Responses (as necessary) | |
| Deposition of G. Friedel (as necessary) | |

Defendant reserves the right to amend this exhibit list as necessary, and further reserves the right to utilize exhibits listed by Plaintiff or rebuttal exhibits.

    c.    Joint Exhibits

| Exhibit Description | |
|---|---|
| 2/15/2017 – Notice to Cure | |
| 1/12/2017 – E-mail from M. LaHart re: E.S.A. | |
| 1/11/2017 – Letter from G. Morel | |
| 1/19/2017 – Response from Atlas to M. LaHart | |

**X.**    **A list of witnesses who may be called at trial**

    a.  <u>Plaintiffs' witnesses</u>

        George C. Friedel

        Katherine Friedel

        Sally Blakely

        Carol Maloney

        Mr. & Mrs. Bula

        Judy Steele

        David & Sheela Loguda

        Dan Kalido

        Terry Bundy

        Bob & Barbara Lawson

        Patty Jamar

        Megan Bunting

        Rebuttal Witnesses

        Any witnesses listed by Defendant.

b. <u>Defendant's witnesses</u>

Defendant may call:

    Patti Jamar

    Megan Bunting (Park Place Corp Representative)

    Sheri Woodworth

    Carol Tronolone

    Harold Bray

    Maureen Bray

    Cindy Christopher

    Joel Roth

    Sara Cullinan

    Denise Lindser

    Nan Papparilli

    Paul Adrian

    Kathy Hutzler

    Dr. Guillermo Morel

    Cecelia Sumner

    Any named parties

    Any rebuttal witnesses

Defendant reserves the right to amend this witness list as necessary, and further reserves the right to question witnesses listed by Plaintiff and offer rebuttal witnesses.

a. <u>Plaintiffs' Expert Witnesses</u>

Dr. Ericka Friedmann will testify as to how emotional support animals assist persons with heart conditions and depression and that in her professional opinion Maggie provides George Freidel emotional support that helps him cope with his disabilities and that accordingly Friedel requires the ability to live with Maggie in order to have the same opportunity to enjoy his dwelling as any non-disabled resident

b. <u>Defendants' Expert Witnesses</u>

None.

**XI.     Estimated trial time**

The parties estimate this matter can be tried in 3 days.

**XII.    Estimated attorney's fees**

a. Plaintiff's estimated attorney's fees through trial are $80,000.00 - $100,000.00.

b. Defendant's estimated attorney's fees through trial are $45,000.00 - $65,000.00.

Dated September 18, 2017

Respectfully Submitted,

/s/ Brian C. Chase
Brian C. Chase
Florida Bar #: 17520
Atlas Law
1701 N. 20th Street, Suite B
Tampa, Florida 33605
Tel: (813) 241-8269
Fax: (813) 840-3773
efiling@atlaslaw.com
brian@atlaslaw.com
Counsel for Defendant

/s/ Marcy I. LaHart
Marcy I. LaHart
Florida Bar #: 967009
Marcy I. LaHart, P.A.
4804 S.W. 45th Street
Gainesville, Florida 32608
Tel: (352) 224-5699
Fax: (888) 400-1464
marcy@floridaanimallawyer.com
Counsel for Plaintiff